IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMANDA HARRIS,

    Plaintiff,

v.

TENNESSEE MENTAL HEALTH CONSUMERS,
ASSOCIATION, INC.,

                                      (Jury Trial Requested)

    Defendant.

_____/

# COMPLAINT

Stacy Murphy, Chief Operating Officer, of Tennessee Mental Health Consumers Association, Inc. ("TMHCA") sexually harassed Plaintiff Amanda Harris ("Ms. Harris") when she sexually grabbed and touched her and created a hostile work environment by making graphic sexual comments in the workplace and directly to Ms. Harris on a regular and consistent basis. Ms. Harris objected and reported Ms. Murphy for harassment and discrimination to TMHCA CEO Anthony Fox, who took no action regarding her complaints and never spoke to Ms. Harris again. As a result of the harassment and discrimination, and TMHCA's inadequate and ineffective response, Ms. Harris was constructively discharged. As such, Ms. Harris files this Complaint of sexual harassment and retaliation for violation of the Tennessee Human Rights Act, ("THRA"), Title VII of the Civil Rights Act of 1964 (Title VII), Title IX, and the Tennessee common law.

## PARTIES

1. Plaintiff, Ms. Amanda Harris ("Harris"), a female, is a former employee of Defendant.

2. Defendant TMHCA is a Tennessee Non-Profit Corporation licensed to transact business in Tennessee. Its registered agent for service of process is Anthony Fox, 3931 Gallatin Pike, Nashville, TN 37216-2405. At all material times, Defendant has been an employer as defined by Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act.

## JURISDICTION AND VENUE

3. This is an action for declaratory and monetary relief caused by Defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.*, the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq*, 20 U.S.C. § 1681 (Title IX), and state common law.

4. This Court has jurisdiction over this action because the actions complained of occurred in the Middle District of Tennessee, specifically Davidson County.

5. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. §§ 2000e *et. seq.*, to wit: a charge of discrimination against Defendant was filed concurrently with the Tennessee Human Rights Commission ("THRC") and the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; after 180 days of investigation had passed, Plaintiff requested that the EEOC issue a Notice of Right to Sue. The EEOC has forwarded the request for the Notice of Right to Sue to the THRC. The THRC has expressed an intent to issue a Notice of Right to Sue.

## FACTUAL BACKGROUND

7. TMHCA is a statewide organization whose mission is "to promote recovery and community through peer support, education, and advocacy for all mental health consumers in Tennessee."

8. TMHCA serves Tennessee "through agreements with Federal and State governmental agencies" whose "[d]iversified funding helps [them] accomplish [their] mission."

9. Upon information and belief, TMHCA receives federal and state funding.

10. Plaintiff, Ms. Amanda Harris, was employed by Defendant as Administrative Assistant, reporting to the Chief Operating Officer ("COO") Stacey Murphy, from on or about June 1, 2021, until September 2021.

11. Though Ms. Murphy's title was COO, she also operated as TMHCA's Human Resources Department.

12. During her employment, Ms. Harris was a dedicated employee.

13. Shortly after Ms. Harris began working for Defendant, her supervisor, Ms. Murphy began continuously sexually harassing Ms. Harris.

14. Throughout Ms. Harris' employment, Ms. Murphy repeatedly rubbed her body on Ms. Harris, massaged her, and insisted on hugging her every time she left to go home at the end of the day. Ms. Murphy would rub her breasts on and make sexually explicit statements to Ms. Harris.

15. On July 7, 2021, Ms. Harris and Ms. Murphy were at a bar together when Ms. Murphy rubbed her breasts against Ms. Harris, told someone at the bar that Ms. Harris was her girlfriend, and indicated that Ms. Harris might receive preferential treatment if she did not object to Ms. Murphy's behavior.

16. Ms. Murphy began insisting that Ms. Harris go to bars with her after work, implying that if Ms. Harris did not go, she would be fired.

17. Ms. Murphy would contact Ms. Harris repeatedly outside of work hours, while inebriated, telling Ms. Harris that she loves her.

18. On August 24, 2021, Ms. Harris declined to go to a bar with Ms. Murphy because Ms. Murphy had indicated she expected Ms. Harris to spend the night at her home afterward and Ms. Harris feared being further subjected to sexual harassment.

19. Immediately, Ms. Murphy required Ms. Harris take a drug test. When Ms. Harris inquired as to why she was being required to take a drug test, Ms. Murphy responded, "Maybe next time you won't run your mouth." Ms. Harris passed the drug test.

20. On August 27, 2021, Ms. Harris arrived to work and logged into her email to find that all emails from Ms. Murphy regarding going out together had been deleted.

21. She also found that someone had vomited on the floor of the work bathroom. She then emailed Ms. Murphy to inform her that it appeared someone had been ill in the work bathroom.

22. In response, Ms. Murphy began contacting Ms. Harris repeatedly over the weekend while inebriated, threatening her and her position with Defendant.

23. On August 29, 2021, in response to multiple harassing voicemails from Ms. Murphy, Ms. Harris spoke to Ms. Murphy and told her to stop this behavior and not to touch her anymore. Ms. Harris stated that she wanted their relationship to be strictly professional.

24. Ms. Murphy initially stated that she did not know what professional relationship meant and that she had always been more hands-on with employees. Eventually, Ms. Murphy agreed to be professional but stated that Ms. Harris would not like it.

25. Due to the persistent and harassing nature of Ms. Murphy's phone calls, Ms. Harris contacted local law enforcement.

26. That evening, Ms. Harris emailed CEO Anthony Fox to report Ms. Murphy's continued sexual harassment. She stated that she feared returning to work with Ms. Murphy due to her continued threats and sexual harassment and that she could not return if Ms. Murphy was present.

27. Mr. Fox never contacted Ms. Harris back.

28. As a result of Defendant's failure to maintain a safe work environment and the hostile work environment Ms. Harris experienced, she was constructively discharged.

29. Upon information and belief, prior to Ms. Harris' complaint, Ms. Murphy received multiple EEOC complaints of sexual harassment and discrimination.

30. Ms. Murphy showed Ms. Harris at least two EEOC complaints that had been filed against her while Ms. Harris was employed.

31. Upon information and belief, many employees have quit as a result of Ms. Murphy's sexually harassing behavior.

## Count I
## Violation of THRA- Sex Harassment

32. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

33. Plaintiff was subjected to a hostile work environment on the basis of sex in Defendant's workplace because of her sex, female.

34. Plaintiff reported and/or protested incidents of harassment by her supervisor to her supervisor. Defendant failed to investigate or respond to Plaintiff's complaints of harassment. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

35. Defendant is vicariously liable for the sexual harassment perpetrated against Plaintiff and is liable for failing to remedy sex harassment in the workplace. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT II
### Retaliation under THRA

36. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

37. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

38. Plaintiff objected to and protested sex harassment in the workplace. Such actions by the Plaintiff are statutorily protected activities under the Tennessee Human Rights Act.

39. Plaintiff reported and/or protested incidents of harassment by her supervisor to her supervisor. After her report, she suffered adverse action and was constructively discharged.

40. Defendant is vicariously liable for the sexual harassment perpetrated against Plaintiff and is liable for failing to remedy sex harassment in the workplace. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## Count III
### Violation of Title VII- Sex Harassment

41. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

42. Plaintiff was subjected to a hostile work environment in Defendant's workplace because of her sex, female.

43. Plaintiff reported and/or protested incidents of harassment by her supervisor to her supervisor. Defendant failed to investigate or respond to Plaintiff's complaints of harassment. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

44. Defendant is vicariously liable for the sexual harassment perpetrated against Plaintiff and is liable for failing to remedy sex harassment in the workplace. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT IV
### Retaliation under Title VII

45. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

46. It is the public policy and federal law that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

47. Plaintiff objected to and protested sex harassment in the workplace. Such actions by the Plaintiff are statutorily protected activities under Title VII of the Civil Rights Act of 1964.

48. In violation of Title VII, Defendant continued to perpetuate a hostile work environment and failed to investigate Plaintiff's complaints of sexual harassment and violence in the workplace. As a result, Plaintiff was subjected to adverse action and constructively discharged.

49. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## COUNT V
**(Intentional Infliction of Emotional Distress)**

50. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

51. Defendant engaged in extreme and outrageous conduct toward Plaintiff. The sexual harassment and assault of Plaintiff was intentional or reckless, outrageous, not conduct tolerated in our society, which were intended to and did cause serious mental injury.

52. The workplace harassment and Defendant's managers' willful refusal take any action to prevent or stop sexual harassment and assault inflicted severe emotional distress on Plaintiff.

53. Defendant intended to cause emotional distress or recklessly disregarded whether its conduct would cause emotional distress.

54. Defendant's intentional conduct caused Plaintiff severe emotional distress.

## COUNT VI
**(Negligent Infliction of Emotional Distress)**

55. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

56. Defendant engaged in extreme and outrageous conduct toward Plaintiff. The sexual harassment and assault of Plaintiff was negligent, reckless, outrageous, not conduct tolerated in our society, and without regard for Plaintiff and did cause serious injury.

57. The workplace harassment and Defendant's managers' refusal take any action to prevent or stop the sexual harassment and assault inflicted severe emotional distress on Plaintiff.

58. Defendant negligently caused emotional distress or recklessly disregarded whether its conduct would cause emotional distress.

59. Defendant's conduct caused Plaintiff severe emotional distress.

## COUNT VII
### (Negligent Retention and Supervision)

60. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

61. Defendant was aware that its employee was engaging in sexual harassment and creating a hostile work environment.

62. Defendant was aware that its employee was engaging in unwanted sexual harassment toward Plaintiff.

63. Defendant refused to take any remedial action to cure the harassing conditions.

64. Defendant negligently retained Plaintiff's harasser as an employee and allowed her to continue harassing Plaintiff.

65. Defendant's actions negligently engaged in conduct that was extreme and outrageous conduct toward Plaintiff. The conduct was negligent, reckless, outrageous, not conduct tolerated in our society, and without regard for and did cause serious mental injury.

## COUNT VIII
### (TITLE IX, 20 U.S.C. § 1681)

66. Defendant receives federal funding as defined under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a).

67. Section 901(a) of Title IX provides: No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. 20 U.S.C. § 1681(a).

68. Defendant receives federal funding for the operation of its services in providing mental health training and education to the employees and citizens of the State of Tennessee.

69. Plaintiff was subjected discrimination based on her sex prohibited by Title IX.

70. Defendant had actual notice of sex discrimination and sexually harassing behaviors of its' employee and was deliberately indifferent to that behavior.

71. Plaintiff suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, and pain as a direct and proximate result of Defendant's deliberate indifference to her rights under Title IX.

## **PRAYER FOR RELIEF& JURY DEMAND**

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A. Declaratory Relief that Defendant violated Plaintiff's Civil Rights;

B. Monetary award of damages for Back Pay and Front Pay and any actual damages incurred by Plaintiff;

C. Pre- and post-judgment interest;

D. Compensatory Damages and Punitive Damages;

E. Attorney's fees and costs, and expenses of the action;

F. All other legal and equitable relief to which Plaintiff shows she is entitled, and which is just and proper; and

G. A jury trial.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320

Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*